*E-FILED 7/24/2009*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PIOTR J. GARDIAS, | No. C09-02090 HRL |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| THE CALIFORNIA STATE UNIVERSITY, SAN JOSE STATE UNIVERSITY, | [Re: Docket No. 9] |
| Defendants. | |

Pro se plaintiff Piotr Gardias is employed by the California State University system at the San Jose State University campus. In this action, his eighth in a series of discrimination complaints filed before the undersigned, plaintiff sues for alleged employment discrimination under Title VII, 42 U.S.C. § 2000e-5, as well as for alleged disability discrimination under Title I, 42 U.S.C. § 12111, et seq. and Title V, 42 U.S.C. § 12203.[1] Pursuant to Fed. R. Civ. P. 12(b)(6), defendant Regents of the California State University[2] moves to dismiss the complaint for failure to state a claim for relief.[3] Plaintiff opposes the motion. Pursuant to Civil Local

---

[1] Although the complaint does not specify these sections of the Americans with Disabilities Act, these are the sections for which plaintiff was issued a right-to-sue notice. (See Docket No. 1, Complaint).

[2] Defendant says that it was erroneously sued as The California State University and San Jose State University.

[3] As originally presented, the instant motion also sought dismissal of plaintiff's claims for national origin discrimination and retaliation on the ground that he had not obtained a right-to-sue letter as to those claims. Plaintiff has filed copies of an additional right-to-sue letter, which he says he inadvertently forgot to append to his complaint. (See

Rule 7-1(b), this court deems the matter appropriate for determination without oral argument, and the July 28, 2009 hearing is VACATED. Upon consideration of the moving and responding papers, this court denies the motion.[4]

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. See id. at 699. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Morever, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted); see also Iqbal, 129 S. Ct. at 1950 ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss.").

Ordinarily, a court may only look at the face of the complaint and documents attached to the complaint in deciding a Fed. R. Civ. P. 12(b)(6) motion to dismiss. See Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001); see also Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

---

Docket Nos. 12 and 16). In view of that filing, defendant appears to have abandoned its arguments as to those claims. Accordingly, that aspect of defendant's motion to dismiss is denied as moot.

[4] Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned.

2

### III.  DISCUSSION

According to the complaint, on December 11, 2008, plaintiff was suspended from work for 30 days without pay due to "alleged . . . unprofessional conduct, incompetence and failure or refusal to perform the normal and reasonable duties of [his] position." (Docket No. 1 (Complaint at 2)).  Gardias further alleges that he was "verbally harassed," "humiliated," "subjected to different terms and conditions of employment" (e.g., denied the use of an electric cart), and "retaliated against because I engaged in protected activities." (Id.).  He claims that defendant's conduct is discriminatory with respect to his Polish national origin, as well as his "knee injury and leukemia." (Id.).  The alleged discrimination is said to have occurred, at the latest, on or about January 7, 2009. (Id.).

Defendant argues that there are no facts alleged that indicate that any of these events were, in fact, due to plaintiff's knee injury, his leukemia or his Polish national origin.  As for the instances of alleged discrimination set out in plaintiff's opposition, defendant maintains that there is nothing inherently discriminatory about them.

True, factual allegations must be sufficient to raise a right to relief above mere speculation.  See Bell Atlantic Corp., 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.").  Nevertheless, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" and "heightened fact pleading of specifics" is not required to survive a motion to dismiss.  Id. at 570.  Rather, the complaint need only give "enough facts to state a claim to relief that is plausible on its face." Id.

Defendant essentially contends that dismissal is warranted because any allegation as to discrimination would not be borne out by the evidence.  That may be, but it is not a ground for dismissal without leave to amend at the pleading stage.  In the context of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court evaluates only whether the complaint, on its face, sufficiently pleads claims for relief, not whether plaintiff will ultimately succeed on the merits. Here, the court finds that the complaint, while not the model of clarity, provides sufficient notice as to the events or conduct that form the basis for his claims.

3

## IV.  ORDER

Based on the foregoing, IT IS ORDERED THAT defendant's Fed. R. Civ. P. 12(b)(6) motion to dismiss is DENIED.

Dated:   July 24, 2009

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

**5:09-cv-02090-HRL Notice has been electronically mailed to:**

Mary Susan Cain-Simon         Mary.CainSimon@doj.ca.gov, ECFCoordinator@doj.ca.gov, Leticia.MartinezCarter@doj.ca.gov

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.

**5:09-cv-02090-HRL Notice mailed to:**
Piotr J. Gardias
72 Floyd St.
San Jose, CA 95110